Howry, J.,
delivered the opinion of the court:
Plaintiff sues to recover an additional year’s pay as a surf-man in the Life-Saving Service because of physical disability incurred during his term of enlistment. The question presented is his right to maintain the action on an application made after the expiration of the term for the benefits of the statute granting pay for physical disability contracted in the service.
The solution of the question renders necessary some consideration of the rule adopted by the accounting officers of the Treasury denying payment, the case deriving its chief importance from the fact that it is one of a class of cases awaiting judicial action.
Plaintiff enlisted at Fletcher’s Neck station, Maine, in 1896, and reenlisted in 1897 and 1898, passing the necessary physical examination each time. In June, 1898, he went with the keeper of the station to Portland, Me., to be examined. The surgeon there found that he was not fit for duty and gave a certificate showing that the plaintiff was not physically sound. In July of the same year the entire crew of the station went to Portland to be examined for reenlistment. Plaintiff’s application to reenlist was rejected because of the certificate of the medical examiner at that time showing him to be physically disqualified and unfit for further duty.
Two or three months after his term of service had expired plaintiff made an application for the benefits of the act granting additional pay in case of physical disability. The appli *355 cation, substantiated by sufficient proof of the disability, was referred to the accounting officers for settlement. It was rejected on the ground that plaintiff had made no application for the benefits of the act previous to the expiration of his term of service. Thereupon the plaintiff appealed to the Comptroller of the Treasury, by whom the decision of the Auditor denjfing payment was affirmed on the ground stated by the Auditor, the rejection of the claim being based upon a previous decision in the case of Warren Adkins (4 Comp. Dec., 656).
The position of surfmen is regulated by the rules of the civil service. The men are engaged on the coast for terms expiring on July 31 of the year succeeding their enlistment. The active season on the Atlantic coast is from August 1 to June 1 of the succeeding year. (2 Supp. Rev. Stat., 223.) The period from June 1 to August 1 is called the “inactive period,” and during that time a surfman is not required to be in attendance at the station, but is subject to emergency call in case of necessity. (Reg. U. S. Life-Saving Service, secs. 181,183.) According to the regulations, a surfman ceases to be an employee and loses all connection with the service at the expiration of the term of enlistment unless, after examination, he is reenlisted.
The Life-Saving Service is perilous to those engaged in it. Surfmen walk barren shores and keep lonely vigil by day and by night, ready to risk life and limb in the roar and wash of breakers to save human life from the disasters of the sea. Congress recognized the danger of this service bjr passing the statute under which the claim is founded. Section 7 of the act of May 4, 1882 (1 Supp. Rev. Stat., 341), provides—
‘ ‘ That if any keeper or member of a crew of a life-saving or lifeboat station shall be so disabled by reason of any wound or injury received or disease contracted in the Life-Saving Service in the line of duty as to unfit him for the performance of duty, such disability to be determined in such manner as shall be prescribed jn the regulations of the service, he shall be continued upon the rolls of the service and entitled to receive his full pay during the continuance of such disability, not to exceed the period of one year, unless the General Superintendent shall recommend, upon a statement of facts, the extension of the period through a portion or the whole of another jrear, and said recommendation receive the approval *356 of tbe Secretary of tbe Treasury as just and reasonable; but in no case shall said disabled keeper or member of a crew be continued upon tbe rolls or receive pay for a Iong-er period than two years.”
The plain provision of this statute, once the disability is determined under the prescribed regulations, is that any keeper or member of a crew so disabled in the line of duty as to unlit him for further service shall be continued upon the rolls. Should such keeper resign or such member voluntarily retire from the service during the term, neither could have the benefits of the act, notwithstanding disability incurred in the service.
The statute is not in the alternative as to the right. The provision for continuance upon the rolls is peremptory. An • application is altogether proper; indeed, the regulations require one at some time. But with the disability duly ascertained and declared and the surfman laid off for that reason, there is no necessity for an application before the expiration of the period of enlistment. It is true that a beneficiary may waive the benefits of the act, but failure to apply as soon as the disability is declared within the term can not be construed to constitute a waiver. The regulations do not require a specific time for the application any more than does the statute. The act authorizes regulations to determine the disability, but not to supersede the statute after the disability has been determined. The regulations supplement the statute in the means provided to arrive at the fact of disability and to prevent the operation of the statute before the disability is clearly established.
That the act is liable to be abused by those who have gone out of the service does not preclude claims for the benefits of the act by those who can show disability from injuries received or disease contracted within the year of service in the line of duty of such character as to unfit the applicant for the further performance of duty.
These views are not inconsistent with the practice of the Treasury officials for a period of more than fifteen years. The early departmental construction is more in_ accordance with a just administration of the law than the later rule which rests upon the idea that a member once dropped, even though *357 disabled in the service, can not be restored to tbe rolls for the purpose of receiving the additional pay.
Jddgment will be entered for plaintiff for the amount prayed for in the petition.